DAWKINS, J.
Defendant, appellant, against whom judgment was rendered in the lower court in favor of plaintiff for the sum of $2,500, files in this court a motion for an indefinite postponement of this case, on the •ground that the plaintiff is an alien enemy residing in Germany.
Counsel for plaintiff admit in their brief opposing the postponement that plaintiff is an alien enemy, but suggest that the case should proceed to final judgment, and, in event of a recovery by him, that this court direct the payment of any sum so recovered into the registry of the lower court to be by it turned over to the federal Custodian of Alien Property.
This suit- was filed and decided by the lower court before a state of war between Germany and the United States was declared, and subsequent to the lodging of the appeal the war broke out.
[1] It is a universal rule of international law that a .state of war suspends all relations between the citizens of the countries so engaged, and precludes the prosecution of any action on the part of enemy aliens against the citizens of the country in which such claims may arise, except in some instances where the enemy is allowed to defend for the purpose of maintaining the status quo of property rights until the end of the war.
“Enemy creditors cannot prosecute their claims subsequent to the commencement of hostilities, as the rule is universal and peremptory that they are totally incapable of sustaining any action in-the tribunals of the other belligerent. Absolute suspension of the right to sue and prohibition to exercise it exist during war, by the law of nations, but the restoration of peace removes the disability and opens the doors of the courts.” Caperton v. Bowyer, 14 Wall. 236, 20 L. Ed. 882.
See, also, Taylor’s International Public Law (1901) p. 459, § 461, and page 463, § 465; Wilson on International Law, pp. 270-272; Small’s Adm’r v. Lumpkin’s Executrix, 28 Grat. (Va.) 832 ; The Prize Cases, 2 Black, 671, 17 L. Ed. 459 ; Society for the Propagation of the Gospel v. Wheeler, Fed. Cas. No. 13,156 ; Woolsey’s Int. Law, p. 193, § 123 ; Cyc. vol. 40, p. 328 ; Kent’s Com. vol. 1, p. 75.
This rule of international law is reinforced by the act of Congress of October 6, 1917, known as the “.Trading with the Enemy Act,” paragraph “b” of section 7 of which reads as follows:
“Nothing in this act shall be deemed to authorize the prosecution of any suit or action at law or in .equity in any court within the United States by any enemy or ally of enemy prior to the end of the war, except as provided in section 10 hereof: Provided, however, that *601 an enemy or ally of an enemy licensed to do business under this act may prosecute and maintain any such suit or action so far as the same arises solely out of the business transacted within the United States under such license and so long as such license remains in full force and' effect: And provided further, that an enemy or ally of enemy may defend by counsel any suit in equity or action at law .which may be brought against him.” U. S. Comp. St.. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115% d.
[2] Section 10 of the act referred to in the paragraph just quoted deals with patent rights, and it is not contended that this action has any such basis; nor does it grow out of any transaction under a license. These are the only exceptions to the prohibition against the prosecution of actions by enemy aliens in the courts of this country. While it is true that the defendant is the appellant in this case, plaintiff is, nevertheless, the party who is prosecuting-the action for a rboneyed judgment against defendant, and is not defending “any suit in equity or action at law * * * brought against him.” He therefore falls clearly within the prohibition of the statute and of the rule mentioned.
[3] In support of the contention that the suit should be allowed to continue and the proceeds of whatever judgment may be obtained should be turned over to the Custodian of Alien Property, we are referred to the case of Birge-Forbes Co. v. Heye, 248 Fed. 636, 160 C. C. A. 536, decided by the United States Court of Appeals for the Fifth Circuit on February 11, 1918, That was undoubtedly the disposition made of the matter in that ease, but the authorities cited in support of that action, in our opinion, do not sustain it. The cases so cited were Owens v. Hanney, 9 Cranch, 180, 3 L. Ed. 697, and Plettenberg v. Kalmon (D. C.) 241 Fed. 605. However, an examination of Owens v. Hanney discloses that, while the status of the plaintiff as an alien enemy was urged as a reason for not affirming thej judgment against defendant, nothing whatever was said by Chief Justice Marshall on that point, and the judgment of the lower court was affirmed in an opinion of three lines. There is nothing in the case as reported to show that the plaintiff there was in truth and in fact an alien enemy, or that other considerations or exceptional circumstances did not render the law which we have cited above inapplicable. In the other case cited by the Court of Appeals, Plettenberg v. Kalmon, Judge Speer, sitting as a District Court in the Southern district of Georgia, made the identical disposition of that case which is sought in the motion filed by defendant here, as will be seen from the syllabus of the ease, which is supported by the body of the opinion, quoted as follows:
“A suit properly instituted in a federal' court by an alien against a citizen of the United States will not be dismissed because plaintiff subsequently becomes an alien enemy, by reason -of the declaration of war between the United States and the government of which he is a subject, but may be suspended on motion of defendant during the continuance of the war.”
For the reasons assigned, it is therefore ordered, adjudged, and decreed that the motion to postpone be, and the same is hereby, sustained, and this case is continued until the end of the war between the United States and Germany.