## PACIFIC RICE MILLS v. WESTFELDT BROS.

Circuit Court of Appeals, Fifth Circuit.
April 15, 1929.

No. 5320.

John Dymond, Jr., and A. Giffen Levy, both of New Orleans, La. (Geo. C. Schoenberger, Jr., of New Orleans, La., on the brief), for appellant.

Frank W. Hart, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a judgment dismissing on exception of no cause of action a petition which sought to recover damages for the breach of a contract for the sale and purchase of 1,000 bags of rice. The suit was brought by the seller against the buyer. The petition alleged that rice was tendered in accordance with the provisions of the contract but was rejected by the buyer, and thereafter resold at a loss on account of a decline in the market price; and sought to recover the difference between the resale price and the contract price.

The contract, which was annexed to and made a part of the petition, was on a printed form which contains the following provisions:

"On goods sold for future shipment, it is understood shipment by vessel or vessels direct or indirect, transshipment being allowed. * * *

"The goods are for buyer's account and risk as soon as landed from the carrier and order tendered. * * *

"C. I. F. and C. & F. sales differ from F. O. B. sales only in that sellers guarantee insurance and freight as the case may be; no additional responsibility being involved. * * *

"Oriental Surveyor's Certificate, certifying rice to be F. A. Q. of the season and free from worms, weevils, and other vermin at time of shipment to accompany documents and to be final."

Typewritten portions of the contract provided:

"Price: $11.50 per 100 pounds gross, in bond, C. I. F. Sagua La Grande, Cuba.

"Shipment: February/March from Orient; transshipment at Havana or San Francisco, sellers option. If the latter, transshipment must be effected not later than two weeks after arrival of goods at San Francisco.

"Terms: Sight Draft against Bill of Lading, payable on presentation, accompanied by inspection certificates or certified copy of same."

Another exhibit, made a part of the petition to show appellant's compliance with the contract, was a sight draft to which was attached bill of lading, invoice, certified copy of the Oriental surveyor's certificate, and certificate of insurance. The bill of lading provides for shipment from San Francisco by rail to Mobile and from Mobile by steamer to Sagua La Grande.

The portions of the contract filled in on the printed form prevail over the inconsistent or contradictory printed provisions on the principle that effect should be given to the intention of the parties. 6 R. C. L. 847. Although a printed clause provided in substance that payment could not be demanded until the goods were landed in Cuba, it clearly was the intention of the parties, as disclosed by a written clause, that the draft should be paid upon presentation of the bill of lading and accompanying documents, al-

though the goods had not arrived at destination. Nor can the printed provision permitting transshipment generally be construed to stand in the way of the written provision that there should be transshipment only at San Francisco or Havana. It results, therefore, that only one transshipment was permitted by the contract. The bill of lading tendered by appellant showed on its face that there had been or would be two transshipments, one at San Francisco, and the other at Mobile.

This departure from the contract was such as to relieve the buyer of the obligation to take up the draft and thereby pay for the goods under the state of facts alleged in the petition. The buyer, who had agreed to pay for documents rather than goods, was entitled to insist upon the documents called for by the contract. Filley v. Pope, 115 U. S. 213, 6 S. Ct. 19, 29 L. Ed. 372. See, also, Held v. Goldsmith, 153 La. 598, 96 So. 272.

The judgment is affirmed.