SARANAC AUTOMATIC MACH. CORPO-
RATION v. DUKE.
No. 7123.

Circuit Court of Appeals, Fifth Circuit.
Nov. 9, 1933.

Warren Grice and Benning M. Grice, both of Macon, Ga., and J. T. Hammond, of Benton Harbor, Mich., for appellant and cross-appellee.

Orville A. Park and Harry S. Strozier, both of Macon, Ga., for appellee and cross-appellant.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The Saranac Corporation sued Duke on two promissory notes aggregating $3,000, alleging that they represented the balance due on the purchase price, $6,500, of a machine manufactured by it. Duke filed a plea of partial failure of consideration, and another by which he sought to recover damages for Saranac's breach of warranty or guaranty. In rulings upon demurrer, the trial court sustained the first plea and rejected the second. The trial resulted in a verdict and judgment in favor of Saranac for $800, some $2,200 less than it sued for. Saranac appeals from the ruling sustaining the first plea, and Duke files a cross-appeal because of the rejection of his second plea.

It appears that Duke controlled patents for a device for packing fruits and vegetables. In connection with that device, there are used certain paper or fiber "liners" or "blanks" for holding the fruit and vegetables in position. He approached Saranac, which was a manufacturer of automatic feed cutting and creasing presses and machinery for making paper boxes, cartons, etc., with a view to having a machine constructed for cutting and creasing the liners or blanks. As a result of negotiations, the parties entered into a contract on a printed form prepared by Saranac and ordinarily used by it to evidence contracts which it entered into with its customers. Under the heading "guaranty," the printed form provides: "The machinery herein specified is. guaranteed by us to be well made, of good

material and in a workmanlike manner. If any parts of said machinery fail through defect in workmanship or material within one year from date of shipment thereof this company will replace such defective parts. * * * This company will not be liable for damages or delays caused by such defective material or workmanship, and it is agreed that its liability under all guarantees is expressly limited to the replacing of parts failing through defect in workmanship or material. * * * It is hereby agreed that if a breach of warranty is claimed, that the Saranac Automatic Machine Corporation shall have the right to take back the property above mentioned, and the damages shall be limited to the repayment of the amount paid on the purchase price." After filling in a description of the machinery and the purchase price, there was typewritten above the printed form of contract the following: "We will guarantee the machine to operate successfully on the work for which it is intended, and will make the blank like sample submitted at the rate of 80 per minute."

█ In support of the direct appeal, it is contended that Saranac's liability on its so-called guaranties, typewritten as well as printed, was limited to replacement of defective machinery. In our opinion, the trial court rightly rejected this contention. Strictly speaking, there is a difference in meaning between the words "guaranty" and "warranty"; the former is a collateral undertaking against some future default, whereas the latter is an undertaking "in præsenti as well as in futuro, against the defect, or for the quantity or quality contemplated by the parties in the subject matter of the contract." 12 R. C. L. 1057. But, as those words are frequently used interchangeably, where the undertaking is a warranty, as it is here, it will be construed as such, even though it is referred to by the parties as a guaranty. Wiley v. Inhabitants of Athol, 150 Mass. 426, 23 N. E. 311, 6 L. R. A. 342. Typewritten portions of the contract filled in on a printed form prevail over inconsistent printed provisions in order to give effect to the intention of the parties; but both the typewritten and the printed portions are to be considered as a whole and given effect in so far as they are consistent with each other. The Addison E. Bullard (C. C. A.) 258 F. 180; Pacific Rice Mills v. Westfeldt Bros. (C. C. A.) 31 F.(2d) 979. That part of the printed form, under the heading "Guaranty," of the contract before us which limits liability for defects in workmanship or material, clearly had no reference to the lia-

bility assumed in the typewritten warranty. There is no claim that there was any defect in workmanship or material, but the plea of partial failure of consideration was based upon the claim that the machine, though it had no such defect, nevertheless failed to produce liners or blanks as rapidly as Saranac warranted it should. The typewritten part dealt with an obligation of Saranac that was entirely different from, and additional to, its liability for defective parts of machinery. It follows, therefore, that the typewritten warranty prevails over that part of the printed form which up to this time has been under consideration. This being so, the trial court rightly submitted to the jury the plea of partial failure of consideration.

█ The stricken pleas sought additional credits for an auxiliary machine bought elsewhere by Duke, and which he still has, and for the extra cost of liners or blanks bought by him elsewhere to carry on his business for a named period of time. The fact that it was necessary to buy these things was provable under the plea of failure of consideration, and, in the absence from the record of the evidence on the trial, we assume that it was proved. We do not think these outlays were specifically allowable as separate and additional items of damage.

On both the direct and the cross-appeals the judgment is affirmed.