THOMAS, Justice.
In 1937, Albert Henry Dion executed his will in which he devised and bequeathed all his property to his wife, Cordia Maie Dion, whom he appointed executrix.
On 20 September 1948 he died.
It appears that the points for our decision may be simply and accurately expressed without an analysis of the pleadings, so we turn now to the testimony and the stipulation of counsel to ascertain the testator’s matrimonial or romantic adventures between these dates.
Cordia and Albert Dion had been married in nineteen twenty-three and had lived together for twenty-four years. One day he, then aged about sixty-six, appeared at his home with Anna Mae Maliska, forty-eight years his junior, to whom he introduced appellee as his wife. The visitor spent the night and departed from the house, but not from the life of Albert Henry Dion. Some time afterward he left also, and appellee never heard from him again. The appellee, penniless, ailing, and bedridden, continued to stay in the home she and her husband had occupied ever since their marriage, until she moved to a home for incurables. All this occurred in the state of Illinois.
The appellee swore that she had never received a notice of any kind whatever that her husband had entered suit against her for divorce. Although reference to a purported divorce was stricken from the bill upon the pleader’s own motion, she was permitted to testify that the mother of Anna Mae Maliska had told her about a divorce having been granted in Florida, and this was the basis for the allegation in her original bill of complaint that on 17 May 1948 a decree of divorce had been obtained by Herman Dion from Georgia M. Dion. Despite the omission in the amended bill there was testimony, unchallenged and undisputed, relative to the attempted divorce and about appellant’s never having been known as Georgia Dion, or Albert Dion as Herman Dion.
So much for the testimony. We must go to the stipulation clearly to ascertain *5 just what is involved in this suit. Evidently Dion bought a parcel of land 19 June 1947, which was about a month following his desertion of appellee, about a year before the suspected divorce, and even before he could have established residence in Florida entitling him to sue here for divorce. Title was vested by the deed in “A. H. Dion and Anna Mae Dion, his wife,” to quote from the master’s report.
The immediate question sought to be decided is the status of the title, that is, whether Anna Mae Maliska owns all of the property or only half of it.
The master concluded that no common-law marriage between Dion and Anna Mae Maliska existed; hence, he and she were “joint tenants,” and that, on his death, his half interest became the property of his wife, Cordia M. Dion. We will assume the master intended to refer to these parties as tenants in common. Indeed, their rights are defined as such by the chancellor in his decree.
He also concluded that a child born to Anna Mae Maliska and A. H. Dion could not inherit, no written acknowledgment of parentage having been made by the father.
The chancellor confirmed the master’s findings “in all respects.”
The facts justified the conclusion that the relationship between Dion and Anna Mae Maliska was meretricious and that it had its inception when he was lawfully married and she knew it. There is no proof that he and the appellee were divorced, but only tending to show an abortive effort on his part to secure a dissolution of his union with the appellee. Dion was never in a position to contract marriage with Anna Mae Maliska. According to the stipulation they cohabited as man and 'wife, but this could not make them so in the circumstances here recorded.
We think there was abundant reason to invoke the rule announced in McClish v. Rankin, 153 Fla. 324, 14 So.2d 714, 717, that a sexual relationship incepted in meretriciousness will be presumed to continue in that state and when cohabitation begins, while the man is ineligible to marry the duty falls on the woman to “show the metamorphosis from concubinage to marriage.”
This rule governs here instead of the one that of two marriages the later will be presumed valid. We are convinced there was not even a presumptive second marriage between Dion and Anna Mae Maliska.
Having come to this conclusion we are constrained to rule against the appellant on the other matters raised, so the decree is—
Affirmed.
SEBRING, C. J., ROBERTS, J., and FABISINSKI, Associate Justice, concur.