Lucy L. WINCHESTER, as Administratrix of the Estate of F. Mabel Winchester, Deceased, Appellant,

v.

Bertie WELLS, a widow, et al., Appellees.

No. 17340.

United States Court of Appeals
Fifth Circuit.

April 6, 1959.

John F. Allison, Middleton McDonald, Allison & Robinson, Miami, Fla., for appellant.

Grady C. Harris, Miami, Fla., for appellees.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

By a deed August 19, 1946, and filed for record the day following, Joseph Maryo and his wife made a deed of certain described land in Brevard County, Florida, to L. H. Wells, Bertie Wells, his wife Mayme Leberman and F. Mabel Winchester. The deed was on a printed form of statutory warranty deed.[1] After the description the following provisions appeared:

> "The interest herein conveyed to each of said grantees is as follows: To L. H. Wells and Bertie Wells, his wife, as an estate by the entireties, an undivided one-half interest; to Mayme Leberman, an undivided one-fourth interest; to F. Mabel Winchester, an undivided one-fourth interest.

> "It is expressly provided that upon the death of any grantee herein the interest of said deceased shall vest in the survivor or survivors, except that the interest of said L. H. Wells and Bertie Wells, his wife, shall vest in the surviving spouse, according to the laws governing estates by the entireties, and upon the death of both shall vest in the remaining survivor or survivors".

L. H. Wells died during the lifetime of the other three grantees. On September 14, 1955, F. Mabel Winchester died, and at the time of her death was a resident of Dade County, Florida. Her daughter, Lucy L. Winchester, a resident of Indiana, was appointed by the County Judge of Dade County, Florida, as administratrix of her mother's estate. The daughter, as administratrix, asserting diversity of citizenship as the basis of Federal jurisdiction, brought suit in the district court against Bertie Wells and Mayme Leberman for partition of the property. By her amended complaint it is asserted that Bertie Wells owned a half interest in the property, Mayme Leberman owned a one-fourth interest, and the estate of Mrs. Winchester owned a one-fourth interest. The administratrix prayed that the deed be construed and that the estate of Mrs. Winchester be adjudged to be the owner of an undivided one-fourth interest in the land as a tenant in common with the defendants, that the property be partitioned, that the defendants be required to account for rents and profits and that reasonable fees for her attorneys be fixed and paid by the parties in proportion to their interests in the land. The defendants filed motion. One of these, being designated as First Defense, was a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. The district judge granted the motion on the ground stated and the administratrix appealed.

For more than a hundred years it was the statutory law of Florida that "The doctrine of the right of survivorship in cases of real and personal property held by joint tenants shall not be allowed in this State."[2] By an amendment to the statute enacted in 1941,[3] it was provided:

> "The doctrine of the right of survivorship in cases of real estate and personal property held by joint ten-

---

1. See F.S.A. § 689.02.

2. Laws of Florida, Acts of 1829, Duval 363, Thompson 191, Fla.Rev.Gen.Stat. 1920 § 3617.

3. Laws of Florida, Acts of 1941, ch. 20954 § 3.

ants shall not prevail in this state; that is to say, except in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship; and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common." F.S.A. § 689.15.

Our decision will depend upon the construction of the deed and the statute. The appellant points to the printed granting clause of the deed which, says the appellant, created a tenancy in common which cannot be affected by repugnant language changing the nature of the estate. The general contract rule that if written and printed parts of an instrument are repugnant the former will prevail [4] is applicable in the construction of deeds. 26 C.J.S. Deeds § 85, p. 827; 10 Fla.Jur. 134, Deeds § 127. In 1927 the Supreme Court of Florida had occasion to say,

"* * * the rule generally adopted has been to consider the language of the entire instrument in order to discover the intent of the grantor, both as to the character of estate and the property attempted to be conveyed, and to so construe the instrument as, if possible, to effectuate such intent." Reid v. Barry, 93 Fla. 849, 112 So. 846, 852.

In the application of this rule it was held, in 1955, by the Supreme Court of Florida, that the arbitrary rule of common law which recognized the language of the granting clause to the exclusion of conflicting language in the habendum clause would not be followed, and where such a conflict existed the entire deed should be examined in an effort to effectuate the intent of the Grantor. Bronstein v. Bronstein, Fla., 83 So.2d 699. It is the intent of the parties that is the primary consideration in the con-

struction of a deed. 7 Fla.Laws & Practice 433, Deeds §§ 23, 24; 10 Fla.Jur. 124, Deeds § 110. This salutary rule is binding upon us in the construction of a deed to real property in Florida.

There is not any objection to a conveyance of property to three or more grantees, including a husband and wife who take their interest by the entireties. In such cases the governing rules are thus stated:

"Where real property is conveyed or devised to husband and wife and a third person or persons, the husband and wife, being but one person in law, will together take only an undivided moiety or half of the estate, leaving the other half to the third person, or, if there are two other grantees or devisees, then husband and wife will taken only one third of the subject matter, and so on in accordance with the number of persons entitled. As between themselves, husband and wife are tenants by entirety of their share, but as to the third person they are together a joint tenant or tenant in common with him. On the death of one of the married pair, the surviving husband or wife will still hold a joint tenancy with the third person." 41 C.J.S. Husband and Wife § 31 f, p. 454.

However, the appellant strongly insists that the language of the deed does not meet the tests essential to the creation of an estate in joint tenancy. It is essential to such an estate, at common law, that there be a unity of interest, title, time and possession. Hobbs v. Frazier, 56 Fla. 796, 47 So. 929, 20 L.R.A.,N.S., 105, 131 Am.St.Rep. 179, 16 Ann.Cas. 558; Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659. Since the husb...d and wife are given a half interest in the property, rather than a third, there is not an equality of interests and hence not a unity of interest among the grantees, so the appellant argues, thus failing to

4. McDaniel v. Georgia Consol. Contracting Co., D.C.S.D.Ga.1952, 110 F.Supp. 751, aff. Georgia Consol. Contracting Co. v. McDaniel, 5 Cir., 1953, 202 F.2d 748;

Saranac Automatic Mach. Corporation v. Duke, 5 Cir., 1933, 67 F.2d 436; 3 Corbin on Contracts 97, § 548.

408

meet the joint tenancy test with a result that the interests of the grantees were those of tenants in common rather than joint tenants. So it follows, says the appellant, there can be no survivorship among tenants in common and the complaint was improperly dismissed. It does not seem essential in all cases that there be an equality of interest among all grantees in order that a joint tenancy be created. 48 C.J.S. Joint Tenancy § 6, p. 930. But we are relieved of any consideration of this question by a District Court of Appeals of Florida. The statute, § 689.15, as construed by that Court, authorizes the grantees of a deed to take title to the land conveyed as tenants in common with such rights of survivorship as shall be expressly provided for in the deed. Little River Bank & Trust Company v. Eastman, Fla.App., 105 So.2d 912. Whatever impediment, if any, may have existed under the common law rules of real property to the effectuating of the intent of the parties to the deed here questioned, such impediment has been removed by the Florida Legislature in enacting Section 689.15. The complaint was properly dismissed in so far as it sought partition. To hold otherwise would defeat the purpose of the legislature in the enactment of the statute and the intent of the parties to the deed as therein expressed.

■ The complaint, in addition to asserting an interest in the property and seeking a partition of it, alleged that the defendants, appellees here, collected and used the rents, issues and profits of the land both before and after the death of F. Mabel Winchester, for which an accounting was sought. Our decision that the interest of Mrs. Winchester ceased upon her death and did not become a part of her estate would not preclude the appellant from recovering such amounts, if any, of rents, issues and profits as may have accrued to Mrs. Winchester during her lifetime. In order to permit the plaintiff to submit her proofs on this issue the cause will be remanded.

So much of the judgment of the district court as denied the plaintiff relief by way of partition is affirmed. So much of the judgment as denied the plaintiff the right to prosecute her claim for an accounting is reversed and the cause will be remanded for further proceedings.

Affirmed in part and reversed and remanded in part.