**UNITED STATES of America**

v.

**SUSANNA PLANTATION.**

**Civ. A. No. 8362.**

United States District Court
W. D. Louisiana,
Monroe Division.
July 26, 1963.

Edward L. Shaheen, U. S. Atty., and Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for the Government.

Frank Voelker, Jr., Voelker & Ragland, Lake Providence, La., for defendant.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

This case came on regularly for trial and the Court, having heard the evidence and considered the stipulation of the parties, the briefs, and the oral arguments, finds the facts and states its conclusions of law as follows:

## FINDINGS OF FACT

1.

This is an action brought by the United States of America against Susanna Plantation, to recover $2,686.71 allegedly paid by mistake to defendant by the County Supervisor of Farmers Home Administration. Defendant counterclaimed, alleging that plaintiff was indebted to it in the amount of $5,313.29 for unpaid rent.

2.

On January 16, 1959, Noah G. Cartwright received from Farmers Home Administration, a division of the United States Department of Agriculture, a crop production loan for the 1959 crop year. This loan was evidenced by a promissory note dated January 16, 1959, in the amount of $21,500, with interest at the rate of 3% per annum.

3.

As security for the indebtedness, Noah G. and Carol H. Cartwright executed a chattel mortgage and crop pledge, dated February 16, 1959, which was duly recorded in the public records of East Carroll Parish, Louisiana. This instrument covered, *inter alia*, all crops grown in 1959 by Noah G. Cartwright upon the lands known as Susanna Plantation.

4.

George S. Lensing, president of Susanna Plantation, and Noah G. Cartwright executed a written lease of the plantation for $8,000 on a Farmers Home Administration printed Form 81 "Standard Farm Lease" which contained a provision purporting to subordinate the Susanna Plantation lessor's privilege in favor of the Farmers Home Administration. However, this subordination was limited by a typed provision added by Mr. Lensing restricting the subordination to $21,500.

5.

The farming operations of Noah G. Cartwright were closely regulated by Farmers Home Administration, with all crop sales proceeds being deposited in a joint checking account in the names of Cartwright and Farmers Home Administration. Total crop sales proceeds amounted to $32,847.67, which were disbursed by the County Supervisor of the Farmers Home Administration and Noah G. Cartwright, with $2,686.71 thereof being paid to Susanna Plantation for 1959 land rent, and only $16,311.35 being disbursed for repayment of the Government crop production loan. The remainder of the proceeds were released by the County Supervisor of Farmers Home Administration to Noah G. Cartwright purportedly to pay harvesting costs or to repay loans made by the Lake Providence Bank to Cartwright to finance harvesting costs. The sums released to Cartwright for harvesting were, under the circumstances, reasonable amounts for that purpose. George S. Lensing was president of the bank and was aware of the supervised checking account, the repayment of loans made by the bank to Cartwright, and generally was familiar with Cartwright's farming operations.

6.

Plaintiff contends that it was entitled to release proceeds from crop sales to pay harvesting expenses; that after payment of such expenses it is entitled to payment of its $21,500 loan; and that only after it is paid in full is defendant entitled to any payment on the $8,000 rent.

7.

Defendant contends that the typed portion of the lease agreement, in which the subordination clause was contained, limits its subordination agreement so that after $21,500 gross proceeds have been turned over to the Farmers Home

Administration then its rent claim has priority.

8.

Resolution of this controversy depends upon the proper interpretation of the following provisions contained in the lease agreement executed by George S. Lensing and Noah G. Cartwright:

"9. THE LANDLORD AGREES THAT:

" * * * (6) In consideration of loan(s) to be made by the Farmers Home Administration, he hereby subordinates in favor of the Farmers Home Administration any interest or lien he now has or may acquire in or on: * * * (c) the crops of the borrower.

"(7) * * * (a) Consents to release of proceeds from the sale of crops to pay expenses for harvesting and marketing or to care for and preserve the property serving as security for the Government's loan(s); * * *."

Specific provision typed by Farmers Home Administration:

"3. * * * (C) * * * Cash rent to be paid from sale of crop immediately after FHA loan is paid in full."

Specific provision typed at direction of George S. Lensing:

"10. * * * This subordination or waiver of rent is limited to the amount of the crop production loan in the sum of $21,500."

9.

The issue posed is: Did defendant subordinate its claim in favor of Farmers Home Administration to the extent that Farmers Home Administration would be paid in full *and* be allowed to use crop sales proceeds for harvesting and marketing expenses as Sections 3(C), 9(6), and 9(7) seem to indicate; or did it merely subordinate its privilege in favor of Farmers Home Administration until $21,500 gross proceeds had been paid to Farmers Home Administration?

## CONCLUSIONS OF LAW

1.

The Court has jurisdiction of the parties and the subject matter involved in this action. 28 U.S.C. § 1345.

2.

Susanna Plantation, acting through its president, subordinated its lessor's privilege in favor of Farmers Home Administration, United States Department of Agriculture, but in a typewritten addition to the subordination agreement limited the subordination to $21,500.

3.

When interpreting contracts, courts are bound to give legal effect to the true intent of the parties. LSA–Civil Code Article 1945 (1870). Certain established rules for ascertaining this intent are particularly applicable under the facts of this case.

Where conflict exists between typewritten provisions and printed provisions of a contract, the typewritten provisions control. Pacific Rice Mills v. Westfeldt Bros., 31 F.2d 979 (C.A.5, 1929); Dean v. Pisciotta, 220 La. 725, 57 So.2d 591 (La.Sup.Ct.1952); Union Indemnity Co. v. F. D. Harvey & Co., 148 So. 501 (La.App., 2nd Cir., 1933), Aff. 151 So. 776 (La.App., 2nd Cir., 1934). However, a contract must be viewed as a whole, and, if possible, practical effect given to all parts of the instrument. LSA–Civil Code Article 1955 (1870); George v. Manhattan Land and Fruit Co., 51 F.2d 28 (C.A.5, 1931); Reuter v. Reuter's Succession, 206 La. 474, 19 So.2d 209 (La.Sup.Ct.1944); Fitzgerald v. Hyland, 199 La. 381, 6 So. 2d 321 (La.Sup.Ct.1942); Cerniglia v. Kral, 170 La. 372, 127 So. 872 (La.Sup.Ct. 1930). Effect is to be given to every word and phrase when a reasonable interpretation of the contract so allows. American Mfg. Corporation v. National Union Fire Ins. Co. of Pittsburg, Pa., 203 La. 515, 14 So.2d 430 (La.Sup.Ct. 1942); Gautreaux v. Harang, 190 La. 1060, 183 So. 349 (La.Sup.Ct.1938);

Rolland's Heirs v. McCarty, 19 La. 77 (La.Sup.Ct.1841). Thus it follows that if one interpretation of a clause in a contract is in conflict with certain provisions of the instrument but another reasonable interpretation is not in conflict, the interpretation not in conflict should be adopted.

### 4.

■ Applying these rules of interpretation to the contract in question, the Court must give effect to the provision indicating the rent is to be paid after the Farmers Home Administration loan is paid in full; the provision that Farmers Home Administration may release crop sales proceeds to pay harvesting expenses; and the provision that the subordination is limited to $21,500. Defendant urges that the subordination is limited to the *first* $21,500 collected, or $21,500 *gross*. If these emphasized words had been in the typed section of the contract, then there would have been a conflict with the printed provisions and the typed words would have prevailed. However, in their absence, the subordination limitation is subject to two different interpretations and the Court must adopt that which is not in conflict with other provisions of the contract.

### 5.

Therefore, the Court holds that plaintiff was entitled to release funds for harvesting and marketing the crop, that other crop proceeds not so released were to be applied to reduction of the $21,500 loan, and that defendant subordinated its privilege in favor of plaintiff until $21,500 over and above the amount properly released for harvesting and marketing had been received by plaintiff.

### 6.

■ The County Agent for Farmers Home Administration erroneously disbursed $2,686.71 to defendant which plaintiff is entitled to recover with interest at the legal rate from date of judicial demand. United States v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932 (1938); Wisconsin Central Railroad v.

United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399 (1896).

### 7.

Defendant's counterclaim should be rejected.

A proper decree should be presented.