405 So.2d 1360 (1981)
In re the ESTATE OF Eugene N. SUGGS, Jr., Deceased.
Frances M. SUGGS, Appellant,
v.
ESTATE OF Eugene N. SUGGS, Jr., and Evelyn L. Davis, As Personal Representative of the Estate of Eugene N. Suggs, Jr., Appellee.
No. 81-103.
District Court of Appeal of Florida, Fifth District.
November 18, 1981.
Robert L. Thomas, Apopka, for appellant.
Stephen M. Stone, Orlando, for appellee.
ORFINGER, Judge.
Appellant filed an action against the personal representative of decedent's estate requesting a declaration that she was the common law wife of the decedent, a determination of her interest in certain property owned jointly by her and the decedent, and other relief. The personal representative denied the allegations of the marriage, and asserted affirmatively that appellant was not the common law wife of decedent because she was married to another man until April 26, 1968; therefore, she was not competent to become the common law wife of decedent until a time after January 1, 1968, when common law marriages were abolished in Florida.[1] Following a non-jury trial, the trial court, having determined that *1361 appellant was not the common-law wife of decedent and was therefore not his surviving widow, denied her claim that she was the surviving tenant by entirety of certain real property owned by decedent and herself. We affirm.
The two essentials of a common law marriage are capacity and mutual consent. There is competent evidence in the record to support the court's finding that appellant was not the common law wife of decedent, and was thus not his surviving spouse. Because she was married to another on the date when common law marriages were no longer valid in Florida, she lacked the capacity to enter into a common law marriage with decedent while such marriages were still recognized.
Appellant further contended that when she and decedent purchased some real estate in 1971 and took title in the names of "Eugene N. Suggs and Frances Mary Suggs, his wife," she and decedent became tenants by the entirety even if there was no marriage, and thus she was entitled to the entire ownership as the surviving tenant. The trial court held otherwise.
Except for estates by the entirety, a conveyance to two or more persons creates a tenancy in common unless the instrument creating the estate expressly provides for the right of survivorship. § 689.15, Fla. Stat. (1971). A conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent. Losey v. Losey, 221 So.2d 417 (Fla. 1969). If appellant had established a valid common-law marriage, the deed in question would have been sufficient to create the estate by the entirety.
Appellant relies on Kent v. O'Neil, 53 So.2d 779 (Fla. 1951), and Little River Bank and Trust Company v. Eastman, 105 So.2d 912 (Fla.3d DCA 1958), as supporting her position that the conveyance to decedent and herself as husband and wife created in her a right of survivorship, notwithstanding the invalidity of the marriage. These cases are distinguishable. In Kent, the grantees were not husband and wife, although the deed recited that they were, but the deed contained the express words "with full right of survivorship." In Little River, the parties were in fact husband and wife, and the deed in question was from the husband to the wife.
This case is controlled by Maliska v. Dion, 62 So.2d 4 (Fla. 1953), in which a deed with identical language was held to create a tenancy in common between the grantees after the death of the putative husband because no common law marriage was established. See also Higgins v. Higgins, 146 So.2d 122 (Fla.3d DCA 1962). There being no valid marriage between appellant and decedent and no language in the deed showing the intent to create an estate of survivorship, the trial court was correct in its holding that appellant and decedent were tenants in common.
The judgment appealed from is
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 741.211, Fla. Stat. (1967).