439 So.2d 936 (1983)
Arlene REINHARDT, As Personal Representative of the Estate of William Reinhardt, Deceased, Appellant,
v.
Catherine DIEDRICKS, Appellee.
No. 82-2585.
District Court of Appeal of Florida, Third District.
October 11, 1983.
Rehearing Denied November 17, 1983.
Gregory B. Hoppenstand, Bay Harbor Island, for appellant.
Michael Lechtman, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is brought by Arlene Reinhardt, wife of the deceased, as personal representative of his estate, challenging an award of real property and personalty to the appellee, Catherine Diedricks, with whom William Reinhardt had lived for several years prior to his death. We affirm the personal property award and reverse as to the real property.
Arlene and William were married in 1954 and lived together until approximately 1963 when he deserted her and their two minor children. They were never divorced. In 1971, William began living with Catherine who herself continued to be married to someone else during William's lifetime. They purchased a home for $35,000 taking title as "William Reinhardt and Catherine Reinhardt, his wife." There was no right of survivorship provision in the deed. Although it is not clear what percentage of Catherine's income went towards payment of the mortgage note, it is clear that all of the initial down payment, $3,500, was paid by William, whose income was considerably more than Catherine's.
As to the real property, the court ordered in its final judgment:
2. The Defendant, CATHERINE DIEDRICKS, is hereby awarded full title and *937 ownership, with all equities and liabilities, of the below described real property situated in Dade County, Florida:
[legal description]
3. The Plaintiff, within ten (10) days from the date of this Final Judgment, shall execute and deliver a Quit Claim Deed to the above property to the Defendant, thereby relinquishing any right, title, or interest that the individual Plaintiff or the Plaintiff Estate may have in and to said property. .. .
We reverse on authority of Maliska v. Dion, 62 So.2d 4 (Fla. 1953) which is factually indistinguishable. There it was held that where a relationship between an alleged common-law wife and the decedent was meretricious in its inception, the plaintiff having knowledge of the decedent's continued lawful marriage, she was not the decedent's common-law wife, and hence was not entitled to the decedent's share of realty owned in common by herself and decedent. See also In re Estate of Suggs, 405 So.2d 1360 (Fla. 5th DCA 1981); Higgins v. Higgins, 146 So.2d 122 (Fla. 3d DCA 1962). In that William and Catherine were not husband and wife as a matter of law, their taking title as such could not create an estate by the entirety with right of survivorship, only an estate in common. Because the instrument creating the estate did not expressly provide for a right of survivorship,[1] upon his death William's heirs succeeded to his share of the estate.
As to the second point raised by appellant we affirm, finding that there is substantial and competent record evidence to support the court's award of the automobile to Catherine Diedricks. As to appellee's cross-appeal challenging the court's order that defendant refund to plaintiff the sum of $4,000 representing an accident claim settlement paid to William, we also affirm that order.
Affirmed in part, reversed in part and remanded for further consistent proceeding.
NOTES
[1] Section 689.15, Florida Statutes (1981) provides in pertinent part:

[E]xcept in cases of estates by entirety, a ... conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship...