**In re Rachel MITCHELL, Debtor.**

**V. John Brook, Trustee, Plaintiff,**

**v.**

**Bob Mark Mitchell and Michael Mitchell, Defendants.**

**Bankruptcy No. 8:04–bk–11064PMG. Adversary No. 8:05–ap–137–PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 23, 2006.

David B. McEwen, Esquire, David B. McEwen, P.A., St. Petersburg, FL, for Plaintiff/Trustee.

Joel S. Treuhaft, Esquire, Treuhaft Law Offices, Clearwater, FL, for Defendants.

## ORDER ON (1) TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND (2) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider (1) the Motion for Summary Judgment filed by V. John Brook, as Chapter 7 Trustee, and (2) the Motion for Summary Judgment filed by the Defendants, Bob Mark Mitchell and Michael Mitchell.

The Debtor (Rachel Mitchell) and the Defendants (Bob Mark Mitchell and Michael Mitchell) are the co-owners of certain real property (the Property) located in Sarasota County, Florida.

The Trustee commenced this adversary proceeding by filing a Complaint in which he seeks to sell the property interests of the Debtor and the Defendants pursuant to § 363(h) of the Bankruptcy Code. Specifically, the Trustee contends that he may sell both the Debtor's interest and her co-owners' interests in the Property, because partition of the Property is impracticable, and because the other conditions set forth in § 363(h) are satisfied.

In response, the Defendants contend that the Debtor and the Defendant, Bob Mark Mitchell, hold their interest in the Property as tenants by the entirety. Consequently, the Defendants assert that the estate does not have any interest in the Property that the Trustee may sell under § 363, because the Debtor's interest is exempt from the estate under § 522(b)(2)(B) of the Bankruptcy Code.

### Background

The Debtor and Bob Mark Mitchell have been married since September 12, 1977. (Doc. 36). Michael Mitchell is the son of the Debtor and Bob Mark Mitchell.

On March 19, 1999, the Debtor, her husband, and their son acquired real property (the Property) located in Sarasota County, Florida. The prefatory language contained in the Warranty Deed executed by the seller on that date states:

This WARRANTY DEED, dated 3/19, 1999 by

TADEUSZ WOYTASINSKI whose post office address is 1828 Mova Street, Sarasota, FL 34231 hereinafter called the GRANTOR, to

BOB MARK MITCHELL and RACHEL MITCHELL, Husband and Wife and MICHAEL MITCHELL, TAKING TITLE AS JOINT TENANTS WITH

RIGHT OF SURVIVORSHIP AND NOT AS TENANTS IN COMMON

whose post office address is 109 U.S. 411, Nokomis, FL 34275

Hereinafter called the GRANTEE

(Exhibit "B" to Amended Complaint, Doc. 23).

In connection with their purchase of the Property, the Debtor, her husband, and their son signed a document entitled "TITLE TO BE HELD AS' INSTRUCTIONS." (Exhibit "A" to Amended Complaint, Doc. 23; Doc. 13, Response to Plaintiff's Request for Admissions). A checkmark appears on the Instructions designating the ownership category "Joint Tenants with Rights of Survivorship." No checkmark appears beside the category "Tenants in Common," and no other categories appear on the document.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on July 15, 2004.

The Debtor listed the Property purchased from Woytasinski on her Schedule of assets. She claimed that the value of the Property was $100,000.00, and that it was encumbered by a lien in the amount of $29,000.00. The Debtor described the nature of her interest in the Property as a "tenancy by the entireties." The Property is not the Debtor's homestead.

On March 23, 2005, the Trustee commenced this adversary proceeding by filing a Complaint against Bob Mark Mitchell and Michael Mitchell. Based on the language contained in the Warranty Deed and the "Title Instructions," the Trustee asserts that the Debtor and her husband did not acquire their interest in the Property as tenants by the entireties. Instead, the Trustee asserts that the documents reflect the parties' intention to own the Property as joint tenants with the right of survivorship. Consequently, the Trustee contends

that the Debtor's interest in the Property is not exempt from the Chapter 7 estate, and that he should be permitted to sell both the Debtor's interest and her co-owners' interest pursuant to § 363(h) of the Bankruptcy Code.

**Discussion**

The Trustee and the Defendants have filed separate Motions for Summary Judgment. The sole issue presented by the Motions is whether (1) the Debtor and her husband acquired their interest in the Property as tenants by the entirety, with their entireties estate co-owning the Property as a joint tenant with their son, Michael Mitchell; or whether (2) the Debtor acquired a one-third interest in the Property as an equal joint tenant with her husband and son.

If the Debtor and her husband acquired their interest in the Property as tenants by the entireties, then the Debtor's interest may be exempt from her Chapter 7 estate pursuant to § 522(b)(2)(B) of the Bankruptcy Code, and the Trustee may not be authorized to sell the property pursuant to § 363(h).

The Court finds that the Debtor holds her interest in the Property as a tenant by the entireties with her husband.

The general rule regarding the conveyance of real property to spouses under Florida law is reviewed in *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45 (Fla.2001).

Where real property is acquired specifically in the name of a husband and wife, it is considered to be a "rule of construction that a tenancy by the entireties is created, although fraud may be proven." [*First Nat. Bank of Leesburg v.*] *Hector Supply Co.*, 254 So.2d [777]at 780 [(Fla. 1971)]....

In the case of ownership of real property by husband and wife, the ownership

in the name of both spouses vests title in them as tenants by the entireties. *See Losey v. Losey*, 221 So.2d 417, 418 (Fla. 1969). Thus, "[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent." (Citations omitted).

*Beal Bank*, 780 So.2d at 54. Accordingly, where real property is conveyed to a husband and wife, the "intent to hold the property as a tenancy by the entireties is presumed." *Id.* at 55. The presumption that the husband and wife acquired the property as tenants by the entireties "arises from taking title in the spouses' joint names." *Cacciatore v. Fisherman's Wharf Realty Limited Partnership*, 821 So.2d 1251, 1254 (Fla. 4th DCA 2002).

■ The rule is rooted in the historical notion that a husband and wife are "but one person in law." *See Winchester v. Wells*, 265 F.2d 405, 407 (5th Cir.1959). Consequently, it appears that the presumption may arise even where the property is conveyed not solely to a husband and wife, but to the two spouses and a third person.

> As between themselves, husband and wife are tenants by entirety of their share, but as to the third person they are together a joint tenant or tenant in common with him.

41 C.J.S. Husband and Wife § 31 f, p. 454(quoted in *Winchester v. Wells*, 265 F.2d at 407).

A conveyance of real property to spouses as husband and wife, therefore, is presumed to create an estate by the entirety in the absence of an express showing that the spouses did not intend to create such an estate. *Beal Bank*, 780 So.2d at 54.

> In Florida, when a husband and wife acquire real property it is presumed to be held by the husband and wife as TBE. (Citations omitted.) In fact, un-

less there is a clear demonstration of the intent to create another form of ownership, the law presumes that real property owned by husband and wife is held as TBE. (Citations omitted.)

*In re Hendricks*, 237 B.R. 821, 824 (Bankr. M.D.Fla.1999). See also *Espenship v. Carter*, 514 So.2d 1108, 1109 (Fla. 1st DCA 1987)("A conveyance to husband and wife creates an estate by the entirety when there is no express language in the deed demonstrating a contrary intent."); *In re Estate of Suggs*, 405 So.2d 1360, 1361 (Fla. 5th DCA 1981)("A conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent."); and *Tingle v. Hornsby*, 111 So.2d 274, 277 (Fla. 1st DCA 1959).

### Application

■ In this case, the Warranty Deed transfers the Property to "Bob Mark Mitchell and Rachel Mitchell, Husband and Wife and Michael Mitchell, taking title as joint tenants with right of survivorship and not as tenants in common."

The Court finds that the language contained in the Warranty Deed does not clearly demonstrate that the Debtor and her husband intended to create a form of ownership other than a tenancy by the entireties. The Deed specifically identifies the Debtor and Bob Mark Mitchell as "husband and wife." Further, although the clause "taking title as joint tenants" appears in the description of the grantees, the clause does not unequivocally refer to all three co-owners as equal joint tenants. On the contrary, it is possible that the clause is intended to refer to "husband and wife" as a collective joint tenant, and to Michael Mitchell as the other joint tenant.

The language does not clearly overcome the presumption that the Debtor and her

husband acquired their interest in the Property as tenants by the entirety.

Additionally, their intent to create an estate by the entireties is further supported by the Affidavits filed in this case. The Debtor's husband filed a Verified Statement, for example, in which he attested as follows:

3. I was married to Rachel Mitchell on or about September 12, 1977, and we have been continuously married since that time.

4. Since I have been married to Rachel Mitchell, we have acquired three parcels of real property, all of which have been owned as, and have been intended to be owned as, Husband and Wife, including the Stickney Point property, which is the subject of the above-captioned adversary proceeding.

5. The Stickney Point property was acquired jointly with our son, Michael Mitchell, with my Wife and I owning a fifty percent interest as Husband and Wife, and my son owning the other fifty percent interest. Each of the two Fifty percent interests (# 1 my spouse's & mine and # 2 My son's) were intended to be held as jointly with the right of survivorship.

(Doc. 36). The Debtor filed a similar Verified Statement in which she also asserted that she and her husband intended to acquire one-half of the Property as husband and wife. (Doc. 36).

Further, the Verified Statements are consistent with the Debtor's schedules filed under oath in her Chapter 7 case. On her Schedule A, the Debtor listed three parcels of real property as follows:

109 US 41 Nokomis FL 34275 (Debtor's Homestead)

Parcel # 2 Property acquired jointly with Michael Mitchell (son) and Bob and Rachel Mitchell as husband and wife. (Tadeusz Woytasinski Property)

Parcel # 3 500 Laurel Road Lot # 6 Block A (less right a way for Laurel Road) Owned jointly as Husband and Wife

(Case No. 04–11064, Doc. 1). In each instance, the Debtor listed her interest in the property as "Tenancy by Entireties." The Schedule of Real Property was signed on May 30, 2004, and filed on May 31, 2004. Consequently, approximately ten months before the Trustee commenced this adversary proceeding, the Debtor expressed her understanding that she and Bob Mark Mitchell owned their interest in the Woytasinski Property as husband and wife, and that (as husband and wife) they owned the Property jointly with their son.

Further, the Court finds that the "Title Instructions" do not clearly indicate the parties' intention to rebut the presumption of a tenancy by the entireties as between the Debtor and her husband. The Defendants acknowledge that the category "joint tenants with rights of survivorship" was checked on the document, and that the Instructions were signed by the Debtor, her husband, and their son.

The form of the Instructions appears to be incomplete, however, since "tenancy by the entirety" as an alternative form of ownership is not included on the document. Additionally, the Instructions are signed by all of the grantees, including Michael Mitchell, who is in fact a "joint tenant with a right of survivorship" as designated on the form. Finally, the Debtor and her husband explained their execution of the document in their Affidavit as follows:

When we purchased the Stickney Point Property, the closing agent had my wife, my son and I sign a number of documents which we was told were necessary for the closing of the property. Apparently, the document entitled "TI-

TLE TO BE HELD AS INSTRUCTIONS" was one of the documents which was executed in connection with the sale of the property. However, at all times my husband and I intended that our portion of the property would be owned jointly, as Husband and Wife, like all of our other property.

(Doc. 36). No affidavit or other documentation was submitted to contradict the Verified Statements of the Debtor and her husband. The Instructions do not clearly demonstrate that the parties intended for the Debtor and her husband to reject the presumption of ownership of the Property as tenants by the entireties.

### Conclusion

Under Florida law, "a conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent." *Beal Bank*, 780 So.2d at 54. In this case, the Warranty Deed specifically refers to the grantees, Rachel Mitchell and Bob Mark Mitchell, as "husband and wife." Neither the language contained in the Warranty Deed nor the designation in the "Title Instructions" clearly express an intention by the parties to create an estate other than a tenancy by the entireties as between the Debtor and her husband. Consequently, the Court finds that the Debtor and her husband acquired their interest in the Property as tenants by the entireties.

Accordingly:

**IT IS ORDERED** that:

1. The Motion for Summary Judgment filed by V. John Brook, as Chapter 7 Trustee, is denied.

2. The Motion for Summary Judgment filed by the Defendants, Bob Mark Mitchell and Michael Mitchell, is granted, and the Court determines that the Debtor, Rachel Mitchell, and her husband, Bob Mark Mitchell, acquired their interest in the real property in Sarasota County, Florida as tenants by the entirety.