THOMAS, J.
Appellant appeals the trial court’s final dissolution of marriage, arguing that the court erred by finding that he, his former wife (Appellee), and Vivian Aderhold, his mother, took title to the subject property as tenants in common, each with an undivided one-third interest. We agree, and reverse.
Appellant and Appellee were married on June 18, 2004. On March 15, 2005, a warranty deed was executed for a piece of property and the improvements on it, including the marital home. Appellant’s mother, who was in failing health, lived with them in the home. The warranty deed conveying the property to the parties specifically granted it to “Victor W. Ader-hold and Brenda Aderhold, husband and wife, and Vivian W. Aderhold, a single woman[J”
Appellant filed a petition for dissolution of marriage on June 1, 2006. The court issued a final judgment of dissolution on February 1, 2007, dividing the parties’ assets and liabilities, including the subject property. In dividing the property, the court found that the warranty deed failed to specify whether the property was held as tenants by the entireties or as tenants in common; therefore, the court concluded that all three held the property as tenants in common, with each having an undivided one-third interest in the property.
Whether the court erred in finding that Appellant and Appellee took the property as tenants in common with Appellant’s mother presents a legal question, which this court reviews under the de novo standard of review. See S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So.2d 317, 319-20 (Fla.2005).
“A conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.” Beal Bank, SSB v. Almand & Assocs., 780 So.2d 45, 54 (Fla.2001) (quoting In re Estate of Suggs, 405 So.2d 1360, 1361 (Fla. 5th DCA 1981)). It is immaterial that the deed does not contain language specifically stating that the husband and wife take title to the property by the entireties. See id. at n. 9 (citing Amer. Cent. Ins. Co. v. Whitlock, 122 Fla. 363, 165 So. 380, 381 (1936)). “The rule is rooted in the historical notion that a husband and wife are ‘but one person in law.’ ” Mitchell v. Mitchell, 344 B.R. 171, 174 (Bkrtcy.M.D.Fla.2006) (quoting Winchester v. Wells, 265 F.2d 405, 407 (5th Cir.1959)). Based on these rules in Florida law, the bankruptcy court in Mitchell concluded that when the warranty deed conveyed the property to “Bob Mark Mitchell and Rachel Mitchell, Husband and Wife and Michael Mitchell,” the husband and wife took title to the subject property as tenants by the entireties with an undivided one-half interest, while their son took title to the property as a joint tenant. Id.
Similarly, because there is nothing to indicate that Appellant and Appellee did not intend to take title as tenants by the entireties, we conclude that they owned the property as tenants by the entireties with an undivided one-half interest. Appellant’s mother then took title to the property as a tenant in common with them, retaining a one-half interest in the property. Thus, Appellant and Appellee hold a one-half undivided interest in the marital home, and Appellant’s mother holds the other one-half undivided interest in the home.
Accordingly, we reverse the final judgment and remand for further proceedings.
REVERSED and REMANDED.
DAVIS and BENTON, JJ., concur.