# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-818
Lower Tribunal No. 20-2253
_____

**Maritza Ramos,**
Appellant,

vs.

**In Re: The Estate of Eleida Ramos,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Jay M. Levy, P.A., and Jay M. Levy, for appellant.

Mery Lopez, P.A., and Mery Lopez, for appellee Kenia Exposito.

Before LOGUE, LINDSEY and HENDON, JJ.

HENDON, J.

Maritza Ramos ("Ramos" or "Appellant") appeals from a final order granting summary administration of the estate of Eleida Ramos. We reverse.

Eleida Ramos ("Eleida") and Pedro Ramos ("Pedro") were married in 1975. In May 2013, the couple purchased their property in Homestead, Florida. The special warranty deed to that property identifies them as "Pedro Pablo Ramos and Eleida Farro Ramos; whose post office address is 14545 SW 293rd Street, Homestead, Florida, 33032; hereafter called the grantee."

Eleida died in 2016, and Pedro died in 2020. Kenia Exposito ("Exposito"), Eleida's daughter by a previous marriage, filed a petition for summary administration as personal representative of her mother's estate seeking, as sole asset, the Homestead, Florida, property. Exposito attached Eleida's will, dated 2012, when Eleida lived in Hillsborough County, devising "my share of the primary residence to my daughter, Kenia Elena Exposito, if she survives me. . . ." Ramos is the personal representative of Pedro's estate. Ramos filed an objection to Exposito's petition for summary administration. In that objection, Ramos argued that Eleida's estate has no interest in the property because the deed conveyed the property to the married couple as tenants by the entireties. That is,

2

when Eleida died, her undivided one-half interest passed to Pedro, and when he died, his now-entire interest in the property went to his estate.

Exposito moved to strike Ramos's objection, arguing that because the deed contained no language indicating an estate by the entireties, it must be assumed to be a tenancy in common, thus Eleida's one-half interest in the estate passed to her estate upon her death. The trial court denied Ramos's objection and granted Exposito's motion to strike and entered summary judgment for Eleida's estate. The court denied the motion for rehearing, and Ramos here appeals. Our standard of review for an order granting summary judgment is de novo. Fallstaff Grp, Inc. v. MPA Brickell Key, LLC, 143 So. 3d 1139, 1142 (Fla. 3d DCA 2014).

Discussion

American Central Insurance Company v. Whitlock, 165 So. 380 (Fla. 1936), and its progeny, control this case. In the case of real property, the owners do not need to be described as husband and wife in the deed and their marital relationship does not need to be referred to in order to establish a tenancy by the entireties. Id. at 381. This principle was affirmed by the Florida Supreme Court in Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45, 54 (Fla. 2001), holding that where real property is acquired specifically in the name of a husband and wife, it is considered to be a "rule

3

of construction that a tenancy by the entireties is created." Thus, "[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent." In re Estate of Suggs, 405 So. 2d 1360, 1361 (Fla. 5th DCA 1981) (citing Losey v. Losey, 221 So. 2d 417 (Fla. 1969)).

There is nothing in the 2013 special warranty deed to indicate that Eleida and Pedro Ramos did not intend to take title to the Homestead property as tenants by the entireties. Thus, when Eleida died, her one-half interest passed to Pedro. See Beal Bank, 780 So. 2d at 63, n.9 (citing Amer. Cent. Ins. Co. v. Whitlock, 165 So. 380, 381 (1936)). "The rule is rooted in the historical notion that a husband and wife are 'but one person in law.'" Mitchell v. Mitchell, 344 B.R. 171, 174 (Bkrtcy. M.D. Fla. 2006) (quoting Winchester v. Wells, 265 F.2d 405, 407 (5th Cir.1959)).

We find the appellee's arguments to be without merit and conclude on de novo review that the Homestead property belongs in Pedro's estate by operation of the principle of tenancy by the entireties. We reverse the summary administration order, and remand with instructions that Maritza Ramos's objection to summary administration be sustained and the summary administration order be dismissed.

Reversed and remanded.

4