49 So.2d 531 (1950)
HIRSCH
v.
BARTELS et ux.
Supreme Court of Florida, Special Division B.
December 19, 1950.
Phil O'Connell and Curtin R. Coleman, II, West Palm Beach, for appellant.
Dunn & Cleveland and Sibley & Davis, Miami Beach, for appellees.
THOMAS, Justice.
In 1933 David Hirsch and Mabel and George Bartels formed a partnership to deal in merchandise. It was stipulated in the articles that the partnership would "continue until the death of two of the members * * * and at the death of the second of these * * * the business [should] belong to the surviving one * * *"; also that "should one die and two remain, then the two survivors [should] each receive a half and upon the death of two, the third [should] receive the whole * * *."
It is apparently appellant's position that if the instrument had contained no other provisions about present and eventual ownership within the personnel of the signatories, a joint tenancy with a right of survivorship would have been created but that the effort failed because of the provision with reference to the withdrawal of a partner.
Not only was it stated that the interest of each associate should terminate at his death, but also upon his withdrawal from the partnership. The provisions with reference to withdrawal or death of a member were the same except that the latter was amplified by the condition that in such event the share of a partner who died should not pass to his heirs.
It is appellant's thought that the provision in the instrument with reference to the disposition of the share of a partner withdrawing does not comport with the law and the principles of joint tenancy and, *532 presumably, that this would therefore neutralize the provision about disposition of the interest of a partner who died. But, as will be seen now upon a brief review of the facts, there is no question here arising from any withdrawal but only from the death of one of the associates.
In 1941 David Hirsch married Ann Hirsch, and in 1949 he died, whereupon the appellant became the executrix of his estate. Asserting that the partnership was dissolved by death, as is true in ordinary circumstances, she sought in equity the recovery of her husband's portion of the enterprise as an asset of his estate. The chancellor held that appellees had succeeded to ownership of the property as his survivors.
Doubtless the parties intended to create a joint tenancy with express provision in writing for the right of survivorship, and this provision was not so affected by the further provision that survivorship would also obtain in case of withdrawal as to convert the status of the ownership of the partnership property to tenancy in common, especially since no withdrawal ever came to pass.
We have not overlooked the facts that at the time the partnership was organized, in 1933, joint tenancy had been stripped of the element of survivorship by Section 3617, Revised General Statutes: "The doctrine of the right of survivorship * * * held by joint tenants shall not prevail in this State," and that it was not until 1941, a couple of months before Ann and David Hirsch were wed, that this statute had been amended by adding: "* * * a * * * transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship * * *." Section 3, Chapter 20954, Laws of Florida, Acts of 1941, Section 689.15, Florida Statutes 1941, F.S.A.
But we concur in the view of the chancellor that the agreement was ratified by the partners after the amendment was enacted, when they continued to operate under it, before and after the marriage of David Hirsch and appellant, for many years until the former's death.
The other two questions seem to be without merit.
Appellant has asked whether the articles of partnership were void as contrary to public policy where they will in effect preclude the widow from taking her dower interest. It seems to us the act of the legislature making such an agreement legal, hence such a situation possible, is a complete answer.
As for the third question, we do not see in the instrument any attempt at testamentary disposition of a partner's interest in violation of our statute of wills.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.