101 So.2d 579 (1958)
The FLORIDA NATIONAL BANK OF JACKSONVILLE, as Administrator of the Estate of Mary E. Hall, otherwise known as Mrs. John C. Hall, deceased, and Alice Siner, Appellants,
v.
Emily GANN and Louise Mentzer, Appellees.
No. 191.
District Court of Appeal of Florida. Second District.
March 26, 1958.
Ed W. Harris and William E. Allison, St. Petersburg, for appellants.
M. Tom McClure, St. Petersburg, for appellees.
SANDLER, HARRY N., Associate Judge.
This proceeding was instituted by the Florida National Bank of Jacksonville, as administrator of the estate of Mary E. Hall, under the Declaratory Judgment Act, F.S.A. § 87.01 et seq., for the purpose of determining the ownership of two parcels or tracts of real estate. Both tracts or parcels were the property of Mary E. Hall who conveyed them to Elizabeth M. Long, and Elizabeth M. Long, single, on the 15th day of August, 1940, conveyed one tract to Mary E. Hall and Louise M. Mentzer, or survivor, and on December 19, 1940, conveyed the other tract or parcel to Mary E. Hall and Emily C. Gann, or survivor.
*580 Mary E. Hall died intestate on the 4th day of November, 1956, and the bank was appointed administrator. At the time of the respective reconveyances there was in effect Section 5482, Laws of 1927, which provided as follows:
"The doctrine of the right of survivorship in cases of real and personal property held by joint tenants shall not prevail in this state."
The Legislature of 1941 amended the statute, effective July 1, 1941, F.S.A. § 689.15, as follows:
"That is to say, except in cases of estates by entirety, devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship; and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common."
The purpose of the bill is to have the Court determine "as to whether or not the law in effect in 1940 is still effective as to these conveyances or whether the 1941 statute is retroactive so as to create a valid joint tenancy in these above properties" so that the ownership may be determined.
The three daughters and heirs-at-law of Mary E. Hall, answered the complaint. The answer of Louise M. Mentzer and Alice Siner are to the same effect, to-wit, that they do not know the legal effect of the transactions mentioned in the complaint and request the Court to enter its decision in construing the deeds and the effect thereof. The other daughter and defendant, Emily C. Gann, filed her answer setting up, among other things, that she had rendered valuable services to her mother in taking care of her during her last years and that it was the intention of her mother to compensate her by leaving her the property in Thornton Subdivision and that the taking of title to this property by Mary E. Hall and Emily C. Gann, or survivor, was done by Mary E. Hall as part of her plan to dispose of all her property during her lifetime and for this reason caused her Last Will and Testament, of which the plaintiff bank was executor, to be destroyed. From a decree, of the Chancellor, holding the deeds in question to create a joint tenancy with the right of survivorship, the bank appealed.
Decisive of this appeal is the interpretation or construction of Section 5482, Laws of 1927, which was in effect at the time of the reconveyances and, of course, prior to the amendment. This section does not prevent or abolish the right of survivorship, but rather abolishes the doctrine of the right of survivorship, which is the common law, doctrine or principle applicable to joint tenancy. By the common law an estate acquired in any way except by inheritance, by two or more persons not husband and wife, created a joint tenancy in them, the principal incident of which is the right of survivorship, by which the entire tenancy, on the decease of one tenant, remains to the survivors, and ultimately to the last survivor. To create a tenancy in common, it was necessary to add restrictive or explanatory words, so as to expressly limit the estate to the grantees, to hold as tenants in common and not as joint tenants. Until the policy of the law was changed by statute, it was essential to the creation of an estate in common that there should be something to show an intent that the grantees or devisees should hold by several and distinct titles, or that, instead of a survivorship to one, there should be an inheritance from both or all. Where an estate was given to several persons jointly, without any expressions indicating an intention that it should be divided among them, it was construed as a joint tenancy. Thompson on Real Property, Section 1775.
The common law Judges had at a quite early period commenced to favor joint tenancy as against tenancy in common *581 with the result that by conveyance to two or more persons, with nothing to indicate a contrary intention, a joint tenancy was regarded as created. Tiffany on Real Property, Section 421. The early common law favored joint tenancy and where an estate was conveyed to two or more persons without any words indicating an intention that it should be divided among them it was construed to be a joint tenancy, words or circumstance of negation being necessary to avoid such a result. 48 C.J.S. Joint Tenancy § 3, page 917. The early English common law favored joint tenancy rather than tenancy in common for the reason that a tenancy in common tended to split the feudal tenures, thus rendering it difficult to collect feudal military service. The section of the statute in force at the time of the conveyances in question did not prevent the creation of joint tenancies expressly so providing, but merely abolished the common law doctrine that was in existence at the time, so as to prevent the creation of joint tenancy by reason of the common law rule. In the case of Cerny v. Cerny, 152 Fla. 333, 11 So.2d 777, Frank Cerny in April, 1934, which was, of course, before the amendment of 1941, opened a checking account with a bank in St. Petersburg which was carried until April 2, 1941, when the account was changed by signature card to the name of "Frank Cerny or Alice Cerny". In August, 1941, Frank Cerny died. The signature card changing the account to the name of "Frank Cerny or Alice Cerny" provided that all sums deposited to their credit shall be payable to either or the survivor and that payment on the check of either or the survivor should be a valid discharge of the bank from all liabilities. In disposing of the case the Supreme Court in its opinion says:
"The signature card provides that the funds on deposit shall be `payable' to either or the survivor but since the purpose of such agreements is to comply with Section 653.16 Florida Statutes of 1941, F.S.A., relating to banking regulations, they will not be construed as vesting title or creating a right of survivorship on the part of a joint depositor unless it contains unequivocal language to show that the survivor of two persons having a joint bank account takes title at the death of the other. The signature card in question does not show this so it will be construed as nothing more than a banking facility."
Evidently, had the signature card contained unequivocal language to show that the survivor of the two persons having a joint bank account takes title at the death of the other, it would have been sustained as a joint tenancy in the account. The amendment of 1941, effective July 1st of that year, added the following to the section:
"That is to say, except in cases of estates by the entirety, the devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall especially provide for the right of survivorship; and in cases of estate by entirety, the tenants, upon divorce, shall become tenants in common."
This provides that a transfer or conveyance theretofore or thereafter made to two or more persons shall create a tenancy in common unless the instrument creating the estate shall expressly provide for the right of survivorship. This proviso affects conveyances theretofore made as well as thereafter made. If the section prior to the amendment be construed to abolish all joint tenancies then the conveyances with which we are concerned created tenancies in common and the rights of the respective parties became vested at the time of the delivery of the deeds. If the amendment be construed to create a joint tenancy in these properties then at least so much of the statute which relates to conveyances theretofore made would be invalid as *582 destroying rights that had already become vested, according to some Courts, and as destroying the obligations of contract, by other Courts. The amendment was merely declaratory of the law as it existed at that time and its purpose, evidently, to set at rest any doubts then existing. In this interpretation of the statute we are aware of the statement of the Supreme Court in the case of Hirsch v. Bartels, Fla., 49 So.2d 531, 532, which involved a partnership wherein the Court said:
"We have not overlooked the facts that at the time the partnership was organized, in 1933, joint tenancy had been stripped of the element of survivorship by Section 3617, Revised General Statutes."
The statement that joint tenancy had been stripped of the element of survivorship by this section, can refer only to the element or right of survivorship that arose as a part of a joint tenancy created by operation of law, and not to prevent the creation of a joint tenancy by express language. As was said in the case of Householter v. Householter, 160 Kan. 614, 164 P.2d 101:
"The statute abolishing joint tenancy and survivorship in cases wherein they resulted by operation of law, did not abolish joint tenancies in instances wherein language used in creating or devising makes it clear that a joint tenancy was intended to be created and the courts are bound to give such language effect."
A careful study of the record convinces us that Mary E. Hall had the two properties conveyed to her and her daughters, respectively, (or survivor) with the clear intent and purpose that each of her daughters should have the respective pieces of property upon her death and that her conveyances were to put this intent into effect.
To sum it up, Section 5482, Laws of 1927, which was in effect prior to the amendment, abolished the doctrine of the right of survivorship which was the common law doctrine as above set forth, but did not prevent the creation of joint tenancies with the right of survivorship with express language, so that the two deeds in question created a joint tenancy with the right of survivorship and upon the death of Mary E. Hall the remaining grantee in each case became the owner of the fee.
Affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.