105 So.2d 912 (1958)
LITTLE RIVER BANK & TRUST COMPANY, as Administrator ad Litem of the Estate of D.A. Eastman, Deceased, Appellant,
v.
Karen M. EASTMAN, Appellee.
No. 58-27.
District Court of Appeal of Florida. Third District.
October 28, 1958.
Comer R. Hall, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellee.
*913 HORTON, Judge.
This appeal is from a final decree in a suit brought by the appellant in the court below to construe a deed of conveyance by appellee's deceased husband to her. The chancellor below concluded that the deceased husband of the appellee intended to create an estate by the entireties in all of the real property.
In 1953, Donald A. Eastman, the husband of the appellee, executed a warranty deed to the appellee, his wife, purporting to convey the following described property:
"An undivided half (1/2) interest in Lots 3, 4, 5, 40, 41, and 42, of Block C of Commercial Shore Crest a subdivision in Dade County, Florida, according to the Plat thereof, recorded in Plat Book 17, Page 16, of the Public Records of Dade County, Florida, less the Northerly five (5) feet of Lot 3, which was conveyed to the State of Florida.
* * * * * *
"It is the express intention of the grantor herein to create an Estate by Entireties between Donald A. Eastman, a married man, and Karen M. Eastman, his wife. Henceforth, this property shall be held by the entireties by and between the above parties to this deed."
Upon the death of Donald A. Eastman, the appellee-widow concluded that having survived her husband, she was entitled under the aforesaid conveyance to the entire fee simple title to the above described property and the same was not listed as an asset in her husband's estate. The appellant, a creditor of the decedent, then brought this action for a declaratory decree, asking the court to construe the instrument of conveyance.
The appellant contends that the deed of conveyance created an estate by the entireties in an undivided one-half interest only. However, we conclude that the record, as well as the instrument of conveyance, more properly raise the question of whether or not it was the intent of the grantor to create a right of survivorship in the appellee-wife. Section 689.11, Fla. Stat., F.S.A., provides for a conveyance of real estate by a husband or wife direct to the other and that such conveyance shall be effectual to transfer the legal title to such husband or wife the same as if the parties were not married. An estate by the entireties could, pursuant to this section, be created by a spouse holding fee simple title conveying by deed to the other in which the purpose to create the estate is stated. Section 689.15, Fla. Stat., F.S.A., abolishes the right of survivorship in real and personal property held by joint tenants except in cases of estates by the entireties or in tenancies in common where the instrument creating the estate shall expressly provide for the right of survivorship. We are of the view that the conveyance by Donald A. Eastman, then the owner of the entire fee, of an undivided one-half interest to the appellee created a tenancy in common with the appellee; that the intention thereafter expressed in the deed to hold "this property" as an estate by the entireties between Eastman and his wife, was in effect the creation of a right of survivorship in the tenancy in common, pursuant to § 689.15, supra. It is true that the deceased husband, in making the conveyance to the appellee, did not use the words "survivor" or "survivorship" but used the words "estate by the entireties". Nevertheless, we conclude that his misuse of words should not thwart his intent and that his intent was obviously to establish an estate in the property which, upon the death of either, would vest the full title in the survivor. To construe the deed otherwise would, we feel, defeat the intent of the grantor.
In the case of Runions v. Runions, 1948, 186 Tenn. 25, 207 S.W.2d 1016, 1017, 1 A.L.R.2d 242, the Supreme Court of Tennessee had before it a factual situation similar to the present case. In that case, Runions was the owner of certain real property, *914 and, on July 16, 1945, he conveyed a one-half interest to his wife. Immediately following the description of the property and preceding the habendum clause of the deed, there appeared this language: "It is intended to convey the property herein described so that we will hold the same as tenants by the entirety." Runions thereafter died and his wife survived him, together with a child by a previous marriage. Suit was instituted by Runions' widow to judicially determine the extent of her ownership as the widow of Runions under the aforesaid deed. The trial judge held that the widow owned a one-half undivided interest in the land absolute and dower rights in the remaining one-half. The appeal was from that decree. In reversing the decree, the Tennessee court held:
"* * * If an estate of survivorship by deed can be created, as this Court holds, and if a husband can effectively convey land to his wife, as this Court holds, then on principle no reason can be conceived why a grantor may not legally create an estate of survivorship in his wife just as effectively as he can in some other party.
"It, therefore, becomes necessary to determine whether the deed here considered shows upon its face an intention upon the part of Mr. Runions to create the right of survivorship in his widow. If an estate of survivorship was created by this deed it must necessarily be because of the following language therein: `It is intended to convey the property herein described so that we will hold the same as tenants by the entirety'. In the Maryland case of Mitchell v. Frederick, [166 Md. 42, 170 A. 733, 92 A.L.R. 1416] the Court said: `The intention to secure this incident (survivorship) by describing the estate as one by the entirety is with us clear beyond all question. Specifying tenancy by the entirety is the full equivalent of declaring in so many words that there shall be a right of survivorship.' * * * Logically, the conclusion thus stated by this Court is inevitable, and makes it an inescapable fact that Mr. Runions in placing this provision in the deed under consideration did so for the very purpose of creating the right of survivorship to the whole of this property in his wife if he predeceased her. The language could have no other meaning."
The Tennessee court in the Runions case further observed that although the instrument was not good as a conveyance creating an estate by entirety under recognized rules of construction, the conveyance should operate to produce the effect intended by the parties. The holding of the Tennessee court in this case appears to represent the majority view on the subject. See Annotations under 67 A.L.R. 1057; 92 A.L.R. 1418; 1 A.L.R.2d 249.
We feel that the view as expressed in the Runions case is in accord with justice and consistent with the fundamental principles that so long as the intention of the grantor is lawful, he should not be deprived of his freedom to convey.
Although the chancellor below bottomed his final decree on a finding that an estate by the entireties in all of the property was created by the instrument of conveyance, such finding would not necessarily require reversal because we conclude that his ultimate decision was correct.
Accordingly, the decree appealed is affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.