MELVIN, WOODROW M„ Associate Judge.
The Appellant, Honoré M. La Pierre, was the unsuccessful Defendant in an action to quiet title to real property in Duval County, Florida.
In 1963, Elizabeth Ayers Bearden and her husband, Maurice Howard Bearden, conveyed the subject realty to Elizabeth Ayers Bearden and Shirley Jean Bearden. Following the realty description, the deed contains this provision:
“Note” Pursuant to Section 689.15 Florida Statutes [F.S.A.], provision is hereby and in this instrument expressly made for the right of survivorship between the grantees.
In 1964 Maurice Howard Bearden and Elizabeth Ayers Bearden were divorced in Duval County, Florida.
Elizabeth Ayers Bearden married Hon-oré M. La Pierre in 1967 and she died intestate in 1968. La Pierre, in February 1969, filed an affidavit in the public records of Duval County, Florida, asserting that by reason of his marriage to Elizabeth Ayers Bearden, and her death, he was the owner of an interest in the subject realty.
In June 1969, Shirley Jean Kalergis (formerly Shirley Jean Bearden) joined by her husband John Kalergis, conveyed the subject property by Warranty Deed to George Kontomenas, a bachelor, who simultaneously by Warranty Deed conveyed the subject property to John Kalergis and Shirley Jean Kalergis, his wife.
John Kalergis and Shirley Jean Kalergis, his wife, brought suit to quiet their title to the subject property as against any claim of Honoré M. La Pierre, alleging that Shirley Jean Kalergis acquired title to the property as survivor of the joint tenancy created by the 1963 deed above referred to.
Defendant contends that the 1963 Bear-den deed failed to create a joint tenancy with right of survivorship because of absence of unity of interest, time, title, and possession in the grantees. The merging of those factors, says the Defendant, is essential to the creation of such an estate.
*887 The trial court held that pursuant to the provisions of Section 689.15, Florida Statutes, F.S.A., Shirley Jean Bearden, now Shirley Jean Kalergis, acquired fee simple title to the property upon the death of her mother, Elizabeth Ayers Bearden La Pierre, as the survivor of the joint tenancy that was created by the deed from Elizabeth Ayers Bearden and Maurice Howard Bearden, her husband, to Elizabeth Ayers Bearden and Shirley Jean Bearden. The Court thereupon quieted Plaintiffs’ title as against any claim of La Pierre.
It is to be noted that Section 689.15, supra, only abolished the common law doctrine of the right of survivorship among joint tenants. Such doctrine required, among other matters, that for such an estate to come into being, there must be in the grantees unity of interest, title, time and possession. The Legislature of Florida, by enactment of Section 689.15, supra, brushed away all such restraints. It is noted, however, that the grantees in the 1963 Bearden deed received the estate of joint tenancy, by virtue of the operation of such deed, with unity of interest, time, title and possession.
The intention of the grantors is crystal clear, 10 Fla.Jur. “Deeds”, Section 110. The law authorizes the creation of the estate of joint tenancy with right of survi-vorship that was sought to be accomplished by such instrument. See Florida National Bank of Jacksonville v. Gann, Fla.App., 101 So.2d 579; D. A. D. Inc. v. Moring, Fla.App., 218 So.2d 451; Little River Bank and Trust Co. v. Eastman, Fla.App., 105 So.2d 912; Winchester v. Wells, 265 F.2d 405 (5th Cir.1959). More need not be said.
The final judgment appealed from is affirmed.
WIGGINTON, Acting C. J., and RAWLS, J., concur.