McCAIN, Justice.
By petition for writ of certiorari, we are asked to review a decision of the District Court of Appeal, First District, reported at 251 So.2d 885, which is alleged to conflict with Kuebler v. Kuebler, 131 So.2d 211 (Fla.App.2d, 1961) and Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205 (1945). In particular, petitioner directs our attention to the following language in the opinion below r
“It is to be noted that Section 689.15, supra, only abolished the common law doctrine of the right of survivorship among joint tenants. Such doctrine required, among other matters, that for such an estate [a joint tenancy] to come into being, there must be in the grantees unity of interest, title, time and possession. The Legislature of Florida., by enactment of Section 689.15, supra, bmshed away all such restraints.” (Emphasis added.)
In our view, disposition of the petition is controlled by our recent decision in First National Bank of Leesburg v. Hector Supply Company, 254 So.2d 277 (Fla.1971), Supreme Court opinion filed October 20, 1971. In that case, rendered subsequent to the decision now under consideration, we clearly recognized the necessity of the four unities to create a joint tenancy in either personalty or realty:
“A viable tenancy by the entirety, with regard to either realty or personalty, must possess always and at the same time the following characteristics of form: unity of possession (joint ownership and control); unity of interest (the interests must be the same) ; unity of title (the interests must originate in the same instrument) ; unity of time (the interests must commence simultaneously) ; and, the unity of marriage.
“So long as a bank account contract or signature card is drafted in a manner consistent with the essential unities of the entireties estate, and so long as it contains a statement of permission for one spouse to act for the other, the requirements of form of the estate will have been met. However, since the form will be similar to that of a joint tenancy, . . . the intention of the parties must be proven . . .” (Emphasis added).
Accordingly, conflict with Hector is apparent, and the quoted language from the opinion of the District Court cannot stand. Certiorari is therefore granted without oral argument and so much of the opinion below as purports to abolish the necessity of the four unities in the creation of a joint tenancy in realty is expressly disapproved.
However, having made the statement that the four unities are unnecessary to creation of a joint tenancy the Court below goes on to state: “It is noted, however, that the grantees in the 1963 Bearden deed received the estate of joint tenancy, by virtue of the operation of such deed, with unity of interest, time, title and possession.” Inasmuch as the four unities were present below, the expunged language constitutes mere dicta and vacation of the decision of the District Court is not required. *35 Accordingly, the remainder of the decision below is hereby approved.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and DEKLE, JJ., concur.