NATHAN, Judge.
This is an appeal by defendant Doris Baumgardner, individually and as executrix of the estate of Donald Baumgardner, from-an adverse final judgment quieting title to a parcel of commercial real estate.
The record reflects that in 1948, one Dona J. Stevenson conveyed title to the property by warranty deed to two brothers, Homer and Donald Baumgardner. Each brother had an undivided one-half interest in the property. Subsequently, Homer and Donald each executed a warranty deed conveying to their respective wives, Doris and Florence Baumgardner, an undivided one-half interest of an undivided one-half interest of the whole property. The warranty deed to each wife contained the following clause:
“This is a deed from husband and wife and the full intent and meaning of the *1324 said transfer is to create an estate by the entirety between the grantor and the grantee herein in and to an undivided one-half (V2) interest of the above-described property.”
In 1958, Homer died and his wife, Doris became the owner of an undivided one-half interest in the property. In 1971, Donald died. His wife Florence was adjudicated incompetent and later died. Donald left a will, naming his sister-in-law, Doris, as executrix, in which he established a trust with the life estate to Florence, and the remainder to Doris Baumgardner and Elbert Baumgardner, defendants in the quiet title suit. Donald’s will was probated, and City National Bank was appointed trustee, and also Florence’s guardian.
It appears that during the probate of Donald’s will, Doris represented to the probate court that an undivided one-half of an undivided one-half (or one-fourth) interest in the commercial property passed to Florence by the warranty deed, and that the remaining one-fourth interest passed by Donald’s will into his estate, and thus into the trust. The court entered a final order of discharge based upon these representations.
After the final order of discharge in Donald’s estate, Yvonne Kennedy, administra-trix of the estate of Florence Baumgardner, deceased, and Yulee Crews, sole surviving heir to Florence’s estate, appellees herein, filed a complaint to quiet title alleging that they are the owners and holders of an undivided one-half interest in fee simple in the property. From a final judgment quieting title in favor of Kennedy and Crews, defendant Doris Baumgardner, individually, and as executrix, takes this appeal.
The primary issue here presented is the interest Florence obtained by the warranty deed. The plaintiff-appellees contend that Florence owned an undivided one-half interest by the entirety and therefore, no interest in the property passed into Donald’s estate. The defendant-appellant contends that one-fourth of the property passed through the estate and only one-fourth became Florence’s by the entirety. She further contends that even if an undivided one-half interest might have vested in Florence by the entirety, the order of discharge bars a subsequent claim by the plaintiff-appellees.
In the final judgment quieting title, the trial court found, and we agree, it is clear that Donald, by the warranty deed, intended to and did create an estate in himself and his wife, in his undivided one-half interest in the property, which upon the death of either would vest the full title in the other. The trial court apparently relied on Little River Bank and Trust Company v. Eastman, 105 So.2d 912 (Fla.3d DCA 1958), and we find that it is controlling in this case.
Moreover, there was competent substantial evidence to support the findings of the trial judge in that the most reasonable inference from the language of the warranty deed is that Donald intended to and did create an estate by the entirety of his one-half undivided interest in the property.
The fact that the probate court may have incorrectly considered a one-fourth interest in the property as being a part of Donald’s estate, could not divest the title thereto from the true owner.
Affirmed.