BLACK, Judge.
Ronald Simon, individually and as personal representative of the Estate of Joseph O. Simon (Mr. Simon), challenges the order dismissing with prejudice the petition to determine the homestead status of real property. Mr. Simon asserts that the probate court misapplied section 689.15, Florida Statutes (2012), in concluding that the property passed to Joanne and Kent Koplin upon Joseph O. Simon’s death by virtue of a right of survivorship expressly provided for in the deed because the necessary unities were absent.[1] Because the language in the deed expressly provides for a right of survivorship, the exception articulated in section 689.15 controls, and we affirm.
The deed provides in part:
*282 This Indenture made this 15th day of May, 2013, between Ronald S. Simon, Trustee of the J & E Simon Trust, whose post office address is 9301 Vitto-ria Court, Fort Myers, Florida 33912, of the County of Lee, State of Florida, grantor, and Joseph 0. Simon, an unmarried widower, as to an undivided two-thirds (2/3) interest, whose post office address is 14380 Riva Del Lago Drive # 1101, Fort Myers, Florida 33907, and Joanne Koplin and Kent Koplin, husband and wife, a married woman, as to an undivided one-third (1/3) interest, as joint tenants with full rights of survivorship, whose post office address is 2419 Riverwoods-Drive, Riv-erwoods, IL 60015, grantee,
(Second emphasis added.) (Asterisks omitted.) Section 689.15, Estates by sur-vivorship, provides:
The doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants shall not prevail in this state; that is to say, except in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of surviv-orship; and in cases of estates by entirety, the tenants, upon dissolution of marriage, shall become tenants in common.
(Emphasis added.) “Section 689.15, Fla. Stat., F.S.A., abolishes the right of surviv-orship in real and personal property held by joint tenants except in cases of estates by the entireties or in tenancies in common where the instrument creating the estate shall expressly provide for the right of survivorship.” Little River Bank & Trust Co. v. Eastman, 105 So.2d 912, 913 (Fla. 3d DCA 1958); accord Fla. Nat’l Bank v. Gann, 101 So.2d 579, 581-82 (Fla. 2d DCA 1958) (explaining that though the common law doctrine of the right of survivorship attendant to joint tenancy had been abolished, the right of survivorship could still be conferred by express language).
The right of survivorship based on the express language in the conveying instrument has long been recognized in Florida. See, e.g., Crabtree v. Garcia, 43 So.2d 466 (Fla.1949); Gann, 101 So.2d 579; Little River Bank, 105 So.2d 912; Winchester v. Wells, 265 F.2d 405 (5th Cir.1959) (applying Florida law); see also Reinhardt v. Diedricks, 439 So.2d 936, 937 (Fla. 3d DCA 1983) (holding that “[b]ecause the instrument creating the estate did not expressly provide for a right of survivor-ship,” the conveyance of real property to the appellee and the decedent created a tenancy in common without right of surviv-orship); In re Estate of Suggs, 405 So.2d 1360, 1361 (Fla. 5th DCA 1981) (holding that since there was “no language in the deed showing the intent to create an estate of survivorship, the trial court was correct in its holding that appellant and decedent were tenants in common”). Notably, Mr. Simon’s assertion that the relevant unities must be present despite the express language providing for a right of survivorship was addressed and dismissed in Crabtree and in Winchester. See Crabtree, 43 So.2d at 467 (holding that “the real point at issue is whether or not [the appellee] brings herself within the exception to Section 689.15, F.S.A.,” and because the right of survivorship was expressly provided for by the instrument it is irrelevant that one of the unities was lacking); Winchester, 265 F.2d at 407-08 (relying on Little River Bank in holding that any consideration regarding presence of the relevant unities is unnecessary where the deed expressly provides for a right of survivorship). Mr. Simon’s reliance on LaPierre v. Kalergis, 257 So.2d 33 (Fla.1971), is misplaced. The supreme court in LaPierre clarified that the unities of possession, interest, title, and *283 time are required to create a true joint tenancy. See id. at 34. However, La-Pierre has no bearing on this case as the right of survivorship here does not depend on the nature of the tenancy but on the express provision in the deed.
Mr. Simon further argues that the express survivorship language in the deed did not create a right of survivorship between Joseph 0. Simon and the Koplins but instead created only a right of surviv-orship between the Koplins as spouses. We are not persuaded by this characterization since “‘[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.’ ” Beal Bank, SSB v. Almand & Assocs., 780 So.2d 45, 54 (Fla.2001) (alteration in original) (quoting In re Estate of Suggs, 405 So.2d at 1361); accord Dixon v. Davis, 155 So.2d 189, 191 (Fla. 2d DCA 1963). As such, the survivorship language in the deed would be surplusage. See Kent v. O’Neil, 53 So.2d 779, 780 (Fla.1951) (en bane) (Thomas, J., concurring in part and dissenting in part) (noting that where the deed expressly provided for a right of sur-vivorship, “[describing] the estate as one by the entirety may ... be considered surplusage”); Cacciatore v. Fisherman’s Wharf Realty Ltd., 821 So.2d 1251, 1254 (Fla. 4th DCA 2002) (“It would be redundant to add the words “with right of surviv-orship’ when describing the interest of a husband and wife who intend to take title to property as tenants of an estate by the entireties.”). Accordingly, the order dismissing the petition is affirmed.
Affirmed.
NORTHCUTT and WALLACE, JJ., Concur.

. See Beal Bank, SSB v. Almand & Assocs., 780 So.2d 45, 52 (Fla.2001) (explaining the different forms of legal ownership of real property and the unities or characteristics each possesses).