# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1233
Lower Tribunal No. 21-23739-FC-04
_____

**Diego Alejandro Levinas,**
Appellant,

vs.

**Patricia Marnie Gluck Levinas,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Victoria del Pino, Judge.

Crabtree & Auslander, LLC, Brian C. Tackenberg, Charles M. Auslander, and John G. Crabtree, for appellant.

Schwartz Sladkus Reich Greenberg Atlas LLP, Jonathan Mann, and Robin Bresky (Boca Raton), for appellee.

Before LOGUE, C.J., and LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Diego Alejandro Levinas, the former husband, challenges an order ratifying a general magistrate's report that denied him reimbursement from appellee, Patricia Marnie Gluck Levinas, the former wife, for one-half of the carrying costs he claims he paid to maintain the parties' jointly owned North Carolina property until it was sold to a third party. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

**BACKGROUND**

In 2018, the parties wed. They then jointly purchased a vacation home in North Carolina, placing only the former wife's name on the mortgage. Three years later, the former husband filed for dissolution. On May 4, 2022, the trial court rendered a final judgment of dissolution, ratifying the parties' Mediated Marital Settlement Agreement and Parenting Plan.

In Article IV of the Agreement, entitled "Real Estate," the parties agreed that the former husband would refinance the North Carolina property within six months, satisfy the mortgage, and pay the former wife $65,000.00. To this end, the Agreement specifically provided:

> 4.2. The Husband shall receive the North Carolina Property as his sole separate property, free and clear of any and all claims by the Wife. There is currently a mortgage in the Wife's name held by Movement Mortgage on the property with an approximate balance of $429,000. The Husband shall be solely responsible for and indemnifies the Wife from payment of this liability and all other liabilities related to this property.

2

Husband shall purchase the Wife's fifty (50%) interest in the property by paying to the Wife directly Sixty Five Thousand Dollars ($65,000) within six (6) months of the execution of this Agreement. Within six (6) months of the execution of this Agreement, the Husband shall refinance . . . the mortgage on the property, in order to remove Wife's name from same. The Husband shall be responsible for payment of any and all fees and costs associated with the refinance . . . (i.e. closing costs). On the date of the closing of the refinance . . ., the Wife shall execute a quit claim deed in favor of the Husband, to be held in escrow by the closing/title company. Upon the expiration of the right of rescission, and at the same time as the Wife's funds are wired to her, the closing/title company shall be free to record the quit claim deed. Upon refinancing the property, the Husband shall be entitled to take any itemized deductions available under the Internal Revenue Code in connection with the North Carolina property, including items such as mortgage interest and real estate taxes for the tax year in which this Agreement is executed, and every year thereafter.

The Agreement further contemplated that the former husband would receive exclusive use and rental income, pending the refinance, and he was required to timely pay for the mortgage, insurance, and repairs, so long as the former wife's name remained on the mortgage:

The Husband shall timely and fully pay the amounts due and owing each month on the mortgage, insurance, and repairs so long as Wife's name remains on it and shall be entitled to retain all rental income from the use of the property. The Husband shall have exclusive use and possession of the property.

. . .

In the event the Husband does not make a mortgage payment for more than thirty-five (35) days, the Wife can require the home to be immediately listed for sale and sold.

3

In the event the former husband failed to refinance within six months, the Agreement set forth the following alternative disposition:

> In the event Husband does not refinance said property within the stated time period, the property shall be listed for sale with an agreed upon realtor and the proceeds shall be divided equally between the parties. For tax year 2021, the Husband shall declare as his income all of the rental income for North Carolina and also all applicable deductions related to expenses from the property.

The former husband failed to refinance, satisfy the mortgage, or pay the former wife $65,000.00. The six-month deadline passed, and he continued to reside in the premises until a third party purchased the property in January of 2024 for $695,000.00.

After the mortgage was satisfied, the net proceeds of $225,995.83 were evenly divided between the parties. The former husband then claimed $52,608.77 in carrying costs—consisting of mortgage payments and repairs accruing between May 2022 and January 2024—and he sought a credit for half that amount from the former wife. The court escrowed $13,152.00 of the former wife's share pending resolution of the claim.

The general magistrate recommended denying the claim, finding that, because the settlement agreement awarded him the property as his "sole and separate property," he was "solely responsible for all payments

4

associated therewith." The trial court ratified the order, and this appeal ensued.

## STANDARD OF REVIEW

We conduct a de novo review of an order interpreting a marital settlement agreement. Orth v. Orth, 338 So. 3d 363, 370 (Fla. 3d DCA 2022).

## ANALYSIS

"A marital settlement agreement entered into by the parties and ratified by a final judgment is a contract, subject to the laws of contract." Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011). "[T]he court should interpret the agreement as a whole, giving effect to all of its provisions." Ospina-Baraya v. Heiligers, 909 So. 2d 465, 472 (Fla. 4th DCA 2005). In this vein, "a court may not deviate from the terms of a voluntary contract either to achieve what it might think is a more appropriate result or 'to relieve one of the parties from the apparent hardship of an improvident bargain[.]'" McCutcheon v. Tracy, 928 So. 2d 364, 364 (Fla. 3d DCA 2006) (quoting Beach Resort Hotel Corp. v. Wieder, 79 So. 2d 659, 663 (Fla. 1955)).

The Agreement in this case provided alternative outcomes. The former husband could refinance the property within six months, satisfy the mortgage, pay the wife $65,000.00, and then receive the property free of

marital claims pursuant to a duly executed quitclaim deed.  Alternatively, the parties could sell the property and divide the net proceeds.  The first set of contingencies did not occur.  Consequently, the property never became the former husband's "sole and separate property, free and clear of any and all claims by the [former] Wife," and it therefore remained jointly owned until sold.

Under Florida law, upon dissolution, property held as a tenancy by the entireties reverts to a tenancy in common, absent an agreement to the contrary.  § 689.15, Fla. Stat. (2024) ("[I]n cases of estates by entirety, the tenants, upon dissolution of marriage, shall become tenants in common."); Simon v. Koplin, 159 So. 3d 281, 282 (Fla. 2d DCA 2015) ("Section 689.15, Fla. Stat., F.S.A., abolishes the right of survivorship in real and personal property held by joint tenants except in cases of estates by the entireties or in tenancies in common where the instrument creating the estate shall expressly provide for the right of survivorship.") (emphasis added) (quoting Little River Bank & Tr. Co. v. Eastman, 105 So. 2d 912, 913 (Fla. 3d DCA 1958)).  No agreement to effectuate this transition is required.  See McFall v. Trubey, 992 So. 2d 867, 869 (Fla. 2d DCA 2008).

Tenants in common bear equal responsibility for carrying costs.  See Kelly v. Kelly, 583 So. 2d 667, 668 (Fla. 1991).  A co-tenant bearing a

6

disproportionate share of such costs is entitled to reimbursement upon sale, unless the parties arrive at an agreement to the contrary. See Hernandez v. Hernandez, 645 So. 2d 171, 173 (Fla. 3d DCA 1994); see also Hoyt v. Hoyt, 457 So. 2d 599, 600 (Fla. 1st DCA 1984) ("In addition to property taxes, insurance premiums, maintenance expenses, and mortgage principal payments, such credit also includes mortgage interest payments.").

Here, the former husband was required to "timely and fully pay" the mortgage and expenses "so long as [the former] Wife's name remain[ed] on [the mortgage] . . . ." This language, considered in tandem with the exclusive use and rental income retention provision, governed the interim period before refinancing or sale. The Agreement is silent, however, regarding the ultimate liability for carrying costs following sale. But silence is not a waiver of the right to reimbursement. Instead, in the face of silence, the right "is established by operation of law." Hernandez, 645 So. 2d at 173.

The former wife correctly contends that carrying costs may be offset by rental income or the reasonable value of occupancy. Both of these factors may offset such costs and even eliminate reimbursement entirely if they equal or exceed the paying co-tenant's expenditures. See Adkins v. Adkins, 595 So. 2d 1032, 1034 (Fla. 1st DCA 1992) ("It is an established principle of law that when a cotenant in possession seeks contribution for amounts

7

expended in the improvement or preservation of the property, his claim may be offset by the value of his or her use of the property which has exceeded his or her proportionate share of ownership.") (quoting <u>Barrow v. Barrow</u>, 527 So. 2d 1373, 1376 (Fla. 1988)); <u>Hughes v. Krueger</u>, 67 So. 3d 279, 282 (Fla. 5th DCA 2011); <u>Fischer v. Fischer</u>, 503 So. 2d 399, 400 (Fla. 3d DCA 1987). The record, however, is underdeveloped in this regard. No evidence was presented on the amount of rental income, if any, the former husband received or the reasonable value of occupancy. Accordingly, we reverse and remand for further proceedings consistent herewith.

Reversed and remanded.